IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TRALISE BARTON**                                                                                             **PLAINTIFF**

vs.                                                                   No. 5:20-cv-649

**REGENCY 116 MANAGEMENT, LLC,**                                                          **DEFENDANT**
**JEFFREY OVERTON and NICHOLAS YARNALL**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tralise Barton ("Plaintiff"), by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Regency 116 Management, LLC, Jeffrey Overton and Nicholas Yarnall (collectively "Defendant" or "Defendants"), she does state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's commonly failure to pay Plaintiff a lawful minimum wage and overtime wage as required by the FLSA.

### II.  JURISDICTION AND VENUE

2.  The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant to provide services for Defendant's business in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Texas, and venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident and domiciliary of Bexar County.

7. Separate Defendant Regency 116 Management, LLC ("Regency"), is a domestic limited liability company.

8. Regency's registered agent for service of process is William Gottfried at 2304 East Cesar Chavez, Suite B, Austin, Texas 78702.

9. Separate Defendant Jeffrey Overton ("Overton") is an individual and resident of Texas.

10. Separate Defendant Nicholas Yarnall ("Yarnall") is an individual and resident of Texas.

### IV.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Overton is an owner, principal, director, and/or officer of Regency.

13. Upon information and belief, Overton manages and controls the day-to-day operations of Regency and dictates and the employment policies of Regency, including but not limited to the decision to not pay Plaintiff an overtime premium for work in excess of forty (40) hours per week.

14. Yarnall is an owner, principal, director, and/or officer of Regency.

15. Upon information and belief, Yarnall manages and controls the day-to-day operations of Regency and dictates and the employment policies of Regency, including but not limited to the decision to not pay Plaintiff an overtime premium for work in excess of forty (40) hours per week.

16. Defendants operate a property management company.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. During each of the three years preceding the filing of this Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

19. Defendant was, at all times relevant herein, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendant employed Plaintiff and had the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work, including the creation and maintenance of the pay policy applicable to Plaintiff.

21. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

22. Plaintiff worked for Defendant within the three years preceding the filing of this complaint.

23. Specifically, Plaintiff worked for Defendant in San Antonio as a property manager from approximately August of 2019 until January of 2020.

24. Plaintiff was primarily responsible for collecting rent, noticing tenants of delinquencies and responding to tenant requests such as work orders.

25. Throughout Plaintiff's employment, Defendant misclassified Plaintiff as exempt from the FLSA and paid her a salary.

26. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

27. Plaintiff did not exercise independent judgment as to matters of significance.

28. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

29. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

30. Plaintiff regularly worked more than forty (40) hours in a single workweek.

31. Defendants did not pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) per week.

32. At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all of her hours worked over forty (40) per week.

33. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. CAUSE OF ACTION—VIOLATION OF THE FLSA

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

39. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

40. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

41. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tralise Barton respectfully prays for declaratory relief and damages as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and putative collective members during the applicable statutory period;

F.     An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.     Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **PLAINTIFF TRALISE BARTON**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Merideth Q. McEntire*
        Merideth Q. McEntire
        Tex. Bar No. 24105123
        merideth@sanfordlawfirm.com

        */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com